[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17339
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00220-WSD-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEODEGARIO AMBRIZ-GUZMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 3, 2017)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Leodegario Ambriz-Guzman appeals his sentence of 37 months of

imprisonment for reentering the United States illegally a second time after being

deported for an aggravated felony. 8 U.S.C. § 1326(a), (b)(2). Ambriz challenges the substantive reasonableness of his sentence. We affirm.

In 1998, Ambriz, a native and citizen of Mexico, entered the United States without permission and, in 2004, he was convicted of trafficking more than 400 grams of cocaine. After Ambriz served four years of his twelve-year sentence, officials deported him to Mexico. Three months later, Ambriz attempted to reenter the United States, but officials apprehended him at the border and he was convicted of reentering the country illegally. After he served 33 months in prison, Ambriz was deported again to his homeland. Undeterred, Ambriz reentered the United States illegally a second time, and when confronted by Georgia officers, he lied about his identity and possessed false identification documents.

The district court did not abuse its discretion. The district court reasonably determined that a sentence at the low end of Ambriz's advisory guideline range of 37 to 46 months of imprisonment was required to account for his criminal history, to reflect the seriousness of and to punish him for entering the United States illegally a third time, to deter him and other aliens from committing future similar offenses, and to promote respect for the law, which he had flouted by possessing false identification documents. *See* 18 U.S.C. § 3553. Ambriz requested a downward variance to 24 months of imprisonment on the ground that he reentered the country to escape the cartel in his hometown of Morelia, but the district court

2

was entitled to discredit Ambriz's argument because he acknowledged he could relocate to Mexico City. Ambriz's sentence, which is well below his maximum statutory sentence of 20 years of imprisonment, is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We **AFFIRM** Ambriz's sentence.